**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **EYBERTH MARIA MONTES AGUILLON,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-71-KC** |
| **PAMELA BONDI, et al.,** | § § § | |
| **Respondents.** | § | |

<u>**SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT**</u>

On this day, the Court considered Eyberth Maria Montes Aguillon's Petition for a Writ of Habeas Corpus, ECF No. 1. Montes Aguillon is detained at Camp East Montana in El Paso, Texas. *Id.* ¶¶ 7, 23. She argues that her detention is unlawful and asks the Court to order her release or a bond hearing. *Id.* ¶¶ 47–65; *id.* at 15. She also asks the Court to "[i]ssue and Emergency Temporary Restraining Order prohibiting Respondents from removing [her] from the United States or transporting [her] out of this jurisdiction during the pendency of this petition." *Id.* at 15.

Montes Aguillon entered the country in October 2023 at the Miami International Airport. *Id.* ¶ 16. She applied for asylum, was released at some point, and received a work permit. *See id.* ¶¶ 16–17. On January 15, 2026, Montes Aguillon was arrested by immigration authorities after dropping her child off at school in Minnesota. *Id.* ¶ 20. As alleged, her case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g., Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025). Of course, Respondents are nevertheless permitted to state

their position before a ruling.  In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected.  Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Montes Aguillon's case warrant a different outcome.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by **no later than January 27, 2026**, why the application for a writ of habeas corpus should not be granted.  *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025).  The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that, under the Court's inherent authority to preserve and assess its own jurisdiction, that Respondents **SHALL NOT** (1) remove or deport Montes Aguillon from the United States, or (2) transfer Montes Aguillon to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.  *See Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel.  *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 20th day of January, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE