IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| EYBERTH MARIA MONTES AGUILLON, | § § § | |
| Petitioner, | § § | |
| v. | § § | CAUSE NO. EP-26-CV-71-KC |
| PAMELA BONDI, et al., | § § § | |
| Respondents. | § | |

## ORDER

On this day, the Court considered Eyberth Maria Montes Aguillon's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1. Montes Aguillon is detained at Camp East Montana in El Paso, Texas. *Id.* ¶¶ 7, 23. She argues that her detention is unlawful and asks the Court to order her release or a bond hearing. *Id.* ¶¶ 47–65; *id.* at 15.

Montes Aguillon entered the country in October 2023 at the Miami International Airport. *Id.* ¶ 16. She applied for asylum, was released at some point, and received a work permit. *See id.* ¶¶ 16–17. On January 15, 2026, Montes Aguillon was arrested by immigration authorities after dropping her child off at school in Minnesota. *Id.* ¶ 20. In its Show Cause Order, ECF No. 5, the Court noted that, "[a]s alleged, [Montes Aguillon's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Montes Aguillon's case warrant a different outcome." *Id.* at 2.

Respondents state that this case "differs" from *Lopez-Arevelo* and the Court's other decisions "because this Petitioner is an arriving alien who presented herself to a port of entry and did not enter the United States unlawfully within the ports of entry." Resp. 2, ECF No. 6. Respondents do not, however, contest that Montes Aguillon was "paroled and released" into the country. *See* Resp. 1. Instead, they argue that issuance of the Notice to Appear and commencement of removal proceedings automatically terminated her parole, which "reverted Petitioner back to her previous status as an arriving alien, thus subject to mandatory detention." *Id.* at 1–2 (citations omitted). As for Montes Aguillon's right to procedural due process, Respondents argue that "what Congress provided to [her] by statute satisfies due process." *Id.* at 4.

However, as explained at length in *Lopez-Arevelo*, a person may obtain a liberty interest through their presence in the country, particularly where that presence is with the express permission of the Government. *Lopez-Arevelo*, 2025 WL 2691828, at *10–11. Here, Montes Aguillon was paroled and released into the country, where she has been living at liberty with her family for over two years. Even assuming that Respondents' contention that Montes Aguillon is an "arriving alien" is correct as a matter of statutory construction, Montes Aguillon's constitutional interest in her liberty exists above and apart from the Immigration and Nationality Act and attendant regulations. *See A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025). As in *Lopez-Arevelo*, Respondents have not identified any changed circumstances that might warrant termination of Montes Aguillon's parole. *See generally* Resp.; *see also Lopez-Arevelo*, 2025 WL 2691828, at *1–3. And to the extent any concerns exist, they can be squarely addressed through a bond hearing. *Lopez-Arevelo*, 2025 WL 2691828, at *11.

For essentially the same reasons that this Court found a due process violation in *Lopez-Arevelo*, the Court finds a due process violation here.  Thus, after careful consideration of the entire record,[1] and for reasons explained at length in this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b),[2] Montes Aguillon's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, **on or before February 4, 2026**, Respondents shall either: (1) provide Montes Aguillon with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Montes Aguillon's continued detention; or (2) release Montes Aguillon from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before February 4, 2026**, Respondents shall **FILE** notice informing the Court whether Montes Aguillon has been released from custody.  If Montes Aguillon has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**There will be no extensions of the February 4, 2026, deadlines.**

---

[1] The relevant facts are undisputed, *see* Resp. 1, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] Throughout those decisions, the Court has already rejected every other argument raised by Respondents. *Compare* Resp. 1–4, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *1–13.

**SO ORDERED**.

**SIGNED this 28th day of January, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE