IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **EYBERTH MARIA MONTES AGUILLON,** § § § | |
| Petitioner, § § | |
| v. § | **CAUSE NO. EP-26-CV-71-KC** |
| § § | |
| **PAMELA BONDI, et al.,** § § | |
| Respondents. § § | |

## ORDER

On this day, the Court considered the case. On January 28, 2026, the Court granted in part Eyberth Maria Montes Aguillon's Petition for Writ of Habeas Corpus, ECF No. 1, and ordered Respondents to (1) provide her with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, her continued detention; or (2) release her from custody, under reasonable conditions of supervision. Jan. 28, 2026, Order 3, ECF No. 7.

On February 9, Montes Aguillon informed the Court that although she has been released from physical custody upon her payment of a $1,500.00 bond, Respondents had imposed a condition of release that was not ordered by the IJ—an ankle monitor. *See* Notice, ECF No. 11. The Court ordered Respondents to show cause why the Court should not order the ankle monitor removed. Feb. 10, 2026, Order 2, ECF No. 12.

In response, Respondents argue that "while an immigration judge may release on a bond order, the power to impose release conditions rests solely with ICE, with an opportunity for an IJ to review." Resp. 2, ECF No. 13. Respondents point to the regulations governing the IJ's authority to "'detain the alien in custody, release the alien, and determine the amount of bond, if

any, under which the respondent may be released . . .' and review conditions of relief imposed by ICE." *Id.* (quoting 8 C.F.R. § 1236.1(d)(1); then citing *Matter of Aguilar-Aquino*, 24 I&N Dec. 747 (BIA 2009); and then citing *Matter of Garcia-Garcia*, 25 I&N Dec. 93 (BIA 2009)). In contrast, Respondents state, "Congress gave ICE authority to detain, release on bond and impose conditions on that release, or conditionally parole an alien in removal proceedings." *Id.* (first citing 8 U.S.C. § 1226(a)(1), (2), and then citing 8 C.F.R. § 236.1(c)(8)). Thus, Respondents argue, Montes Aguillon is "subject[] to discretionary conditions of release under 8 U.S.C. § 1226(a)." *Id.* at 4.

Montes Aguillon counters that Respondents "seek[] to isolate and cherry-pick certain regulations," but "[t]he statutes and regulations must be read sequentially." Reply 2, ECF No. 15 (citing *N- N- v. McShane*, No. 25-cv-5494, --- F. Supp. 3d ----, 2025 WL 3143594, at *3 (E.D. Pa. Nov. 10, 2025)). She argues that "8 C.F.R. § 236.1(c)(8) only grants ICE an *initial* right [to] set conditions of release *if* ICE grants the detainee parole under 8 U.S.C. § 1226(a)." *Id.* And "[t]hereafter, the IJ can review those conditions." *Id.* (citing 8 C.F.R. 1236.1(d)(1)). But once an IJ issues a bond order, it can only be modified in two circumstances: (1) through an appeal to the BIA, or (2) through a custody re-determination hearing upon a showing of materially changed circumstances. *See id.* (first citing 8 C.F.R. § 1003.19(f); and then citing *id.* § 1003.19(e)).

In support of her reading of the regulations, Montes Aguillon cites two district court decisions which held that only "an IJ or the BIA holds the authority to redetermine custody conditions, not [ICE]." *See id.* (quoting *Orellana Juarez v. Moniz*, 788 F. Supp. 3d 61, 69 (D. Mass. 2025); and then citing *N- N-*, 2025 WL 3143594, at *3–4). The court in *Orellana Juarez*, thus concluded that "[ICE] may not impose additional conditions *after an IJ has ordered release on a bond and set conditions of release.*" *Orellana Juarez*, 788 F. Supp. 3d at 69 (emphasis in

original). Otherwise, as the court in *N- N-* held, "the administrative adjudicatory process would be rendered meaningless and superfluous" because, once an IJ reviewed conditions of release imposed by ICE, ICE could "thereafter impose additional release conditions notwithstanding the immigration judge's order, all while never having advocated for such conditions before the immigration judge or appealed to the BIA." *N- N-*, 2025 WL 3143594, at *3.

In further support of her argument, Montes Aguillon cites to six other district court decisions ordering removal or prohibiting the imposition of electronic monitoring devices as a form of habeas corpus relief. *See id.* at 4–5 (first citing *Rivas v. Baltazar*, No. 26-cv-442, 2026 WL 444732, at *4 (D. Colo. Feb. 17, 2026); then citing *A.B.D. v. Wamsley*, No. 25-cv-2014, 2026 WL 178306, at *8, *13 (D. Or. Jan. 22, 2026); then citing *Batz Barreno v. Baltasar*, No. 25-cv-3017, ---- F. Supp. 3d ----, 2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026; then citing *Campbell v. Almodovar*, No. 25-cv-9509, 2025 WL 3626099, at *1 (S.D.N.Y. Dec. 15, 2025); then citing *Khabazha v. United States Immigr. & Customs Enf't*, No. 25-cv-5279, 2025 WL 3281514, at *9 (S.D.N.Y. Nov. 25, 2025); and then citing *Hogarth v. Santacruz*, No. 25-cv-9472, 2025 WL 3211461, at *13 (C.D. Cal. Oct. 23, 2025)).

For their part, Respondents rely only on their own reading of the statute and regulations and two cases addressing electronic monitoring in the post-final-removal-order context, in support of their position. *See generally* Resp. The Court is thus persuaded by the weight of authority referenced by Montes Aguillon—particularly the thorough, well-reasoned decisions in *Orellana Juarez* and *N- N-*, and finds that Respondents may not impose additional conditions of release that are not included in an IJ's bond order.

Respondents also argue that Montes Aguillon was required to challenge her conditions of release through a motion with the immigration court within seven days of her release. Resp. 2–3.

But this review procedure is for challenging conditions of release imposed by ICE prior to an IJ's bond order.  Here, an IJ has already ordered Montes Aguillon released upon payment of a $1,500.00 bond, and Respondents do not have the statutory or regulatory authority to impose additional conditions of release not ordered by the IJ.  *See Orellana Juarez*, 788 F. Supp. 3d at 69; *N- N-*, 2025 WL 3143594, at *3–4.

Accordingly, the Court **ORDERS** that Respondents shall **REMOVE** Montes Aguillon's ankle monitor and **FILE** notice informing the Court of same **by no later than March 4, 2026**.

**SO ORDERED**.

**SIGNED this 25th day of February, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE